United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff ) | |
| ) | |
| v. ) | Criminal Case No. 17-20130-CR-Scola |
| ) | |
| Juan Carlos Arvizu Hernandez, ) | |
| Defendant. ) | |

### Order Denying Defendant's Motion to Exclude Expert Testimony

This matter is before the Court on the Defendant's Motion to Exclude Proposed Expert Testimony of Derek Sousa (ECF No. 39). The Defendant claims that Derek Sousa's opinions: (1) are not reliable, (2) are not helpful to the jury, and (3) improperly concern the Defendant's state of mind. (*Id.* at 4-8.) For the reasons set forth below, the Motion is **denied**.

Federal Rule of Evidence 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

A trial court determining the admissibility of expert testimony under Rule 702 must engage in a three-part inquiry, considering whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in [*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1193 (11th Cir. 2011).

The Defendant argues that the United States has failed to show that Mr. Sousa's opinions are reliable because the United States has failed to indicate that Sousa employed any type of methodology in forming his opinions, his opinions have not been subject to "peer review or publication," and that "[no] potential or actual error rate associated with [Mr. Sousa's] conclusions" has been provided. (Mot. to Exclude at 4.) The Defendant is correct that the *Daubert* factors used to assess the reliability of a scientific opinion (e.g., peer review and an error rate analysis) may be used to address the reliability of non-scientific, experience-based testimony. *Frazier*, 387 F.3d at 1262. However, "sometimes other questions may be more useful. As a result, 'the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.'" *Id.* (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)).

In its notice of expert testimony, the United States represents that Mr. Sousa has worked with the DEA for 9 years focusing on the drug trade in South America and Central America. (Notice of Expert Testimony, ECF No. 16, 1.) Moreover, its notice also represents that Mr. Sousa has written many briefs to governmental agencies and officials, including the President, and that Mr. Sousa has received awards for his work with the DEA. *Id.* at 2. As the Government's response notes, "[t]he rule is well-established that an experienced narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug distribution business." *United States v. Butler*, 102 F.3d 1191, 1199 (11th Cir. 1997) (internal quotations and citations omitted). Considering this information, the Court finds that the government has met its burden of showing the reliability of Mr. Sousa's opinions.

The Defendant next argues that because Mr. Sousa plans to issue an opinion regarding what are "well known" drug trade practices in the Americas, his opinions will not be helpful to the jury. (Mot. to Exclude at 5-6.) However, as noted above, Eleventh Circuit case law is clear that expert testimony regarding common drug practices in the Americas is admissible and could be helpful to jurors. *United States v. Garcia*, 447 F3.d 1327, 1335 (11th Cir. 2006). In addition, as the Government's response notes, it is unlikely that the complex methods used by illegal drug traffickers is knowledge possessed by an average lay person. (Govt's Resp. at 3, ECF No. 54.)

Finally, the Defendant argues that Sousa's testimony is directed at an element of both charged crimes pertaining to the Defendant's state of mind. (Mot. to Exclude at 8.) However, the United States's response states that it agrees that such opinion testimony specific to the Defendant would be

improper and that it has no intention of using Sousa to testify about the Defendant's state of mind. (Resp. at 4.)

The Defendant has failed to demonstrate that Sousa is not qualified to testify competently, that his opinions are not sufficiently reliable, or that his opinions will not be helpful to the jury. Accordingly, the Defendant's motion to exclude Sousa's testimony is **denied**.

**Done and ordered** in chambers, at Miami, Florida, on June 12, 2017.

Robert N. Scola, Jr.
United States District Judge