United States District Court
for the
Southern District of Florida

| United States of America, Plaintiff | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Case No. 17-20130-CR-Scola |
| | ) | |
| Juan Carlos Arvizu Hernandez, | ) | |
| Defendant. | ) | |

**Order Denying Defendant's Motion to Dismiss Indictment**

This matter is before the Court on the Defendant's Motion to Dismiss Indictment for Violation of Extradition Agreement (ECF No. 38). The Defendant is charged with conspiring to distribute cocaine knowing that such cocaine would be unlawfully imported to the United States and manufacturing and distributing cocaine knowing that such cocaine would be unlawfully imported into the United States. (Indictment, ECF No. 9.) The Defendant moves to dismiss both counts of the Indictment because: (1) his extradition from Honduras was based on a different indictment that was before Judge King, (2) the charges are not crimes that allow for extradition under the extradition treaty between Honduras and the United States, and (3) the extradition order provides that the Defendant cannot be subjected to penalties that are degrading, inhuman or ignominious. (Mot. to Dismiss Indictment at 2-3.)

"Under the doctrine of specialty, a nation that receives a criminal defendant pursuant to an extradition treaty may try the defendant only for those offenses for which the other nation granted extradition." *U.S. v. Puentes*, 50 F.3d 1567, 1572 (11th Cir. 1995) (internal citations omitted). The Defendant's argument that his extradition is invalid because it was based on a different indictment that was before Judge King fails because, as the United States noted in its response, the indictment that was before Judge King and the current indictment are identical. (Resp. at 2-3, ECF No. 53.) The Eleventh Circuit has held that a superseding indictment that does not materially alter the substance of the offense for which a defendant is extradited does not violate the doctrine of specialty. *U.S. v. Puentes*, 50 F.3d 1567, 1576 (11th Cir. 1995); *see also Gallo-Chamorro v. U.S.*, 233 F.3d 1298, 1305 (11th Cir. 2000) (citing *United States v. Sensi*, 879 F.2d 888, 895-96 (D.C. Cir. 1989) (allowing additional charges to be added beyond those listed in the indictment pursuant to which extradition was granted, as long as the charges are "based on the same facts as those set forth in the request for extradition."). Since the change

in the presiding judge and the docket number of the case did not change the substance of the charges against the Defendant, the issuance of the second indictment is not grounds for dismissal.

The extradition treaty between the United States and Honduras provides for extradition for crimes and offenses that would "justify [a defendant's] apprehension and commitment for trial" if the crime or offense had been committed in Honduras. (Mot. to Dismiss at 2.) The Defendant argues that the Indictment violates the treaty because the analogous Honduran laws identified in the extradition order do not mention conspiracy, do not "criminalize drug distribution activities with knowledge they will end up in the United States," and do not specifically concern drug offenses involving more than 5 kg of cocaine. (*Id.* at 3.) The Defendant contested his extradition at the time of his arrest in Honduras, and Honduras extradited him over his objections. (Resp. to Mot. at 5.) The Court is not in a position to second-guess the Honduran government's determination that the offenses with which the Defendant is charged would justify the Defendant's apprehension and commitment for trial if the crime or offense had been committed in Honduras. Furthermore, under the *Ker-Frisbie* doctrine, the manner in which a defendant is brought within a court's jurisdiction does not deprive a court of the power to try the defendant. *See, e.g., United States v. Alvarez-Machain*, 504 U.S. 655, 659-662 (1992).

Finally, the Defendant claims that the charges in the indictment could subject him "to a penalty of death, or penalties that are degrading, inhuman or ignominious;" punishments not allowed under the extradition treaty. (Mot. to Dismiss at 3-4.) However, as noted above, Honduras determined that extradition was appropriate and this Court is not in a position to second-guess that determination. The Defendant has provided no legal authority stating that a potential sentence of life imprisonment would be considered degrading, inhuman or ignominious within the meaning of the treaty. Therefore, dismissal on this ground is not warranted.

Accordingly, the Court **denies** the Defendant's motion to dismiss (ECF No. 38).

**Done and ordered** in chambers at Miami, Florida, on June 12, 2017.

_____
Robert N. Scola, Jr.
United States District Judge