United States District Court
for the
Southern District of Florida

| United States of America, Plaintiff | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Case No. 17-20130-CR-Scola |
| | ) | |
| Juan Carlos Arvizu Hernandez, | ) | |
| Defendant. | ) | |

### Order Denying Defendant's Motion for a New Trial

This matter is before the Court on the Defendant's motion for a new trial (ECF No. 118). The Court has considered the motion, the Government's response (ECF No. 119), the record, and the relevant legal authorities. For the reasons set forth below, the Defendant's motion is **denied**.

1. **Background**

The Defendant was charged with conspiring to distribute cocaine knowing that the cocaine would be unlawfully imported into the United States (Count One), and with manufacturing and distributing cocaine knowing that the cocaine would be unlawfully imported into the United States (Count Two). (Indictment, ECF No. 9.) The Defendant proceeded to trial on Count One, and the Government dismissed Count Two. (Order Dismissing Count Two, ECF No. 103.) Although the Defendant was represented by counsel prior to the trial, the Defendant decided to represent himself at the trial.

The evidence at trial consisted of the testimony of five cooperating witnesses who were the Defendant's co-conspirators, a video recording of a meeting that included the Defendant and one of the co-conspirators who testified at trial, the testimony of an interpreter who created a translation and transcript of the recorded meeting, an expert witness for the Government, a Drug Enforcement Administration ("DEA") agent, and a DEA analyst. On July 14, 2017, a jury found the Defendant guilty of conspiring to distribute five kilograms or more of cocaine, knowing that the cocaine would be unlawfully imported into the United States.

2. **Legal Standard**

Pursuant to Federal Rule of Criminal Procedure 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." The decision to grant or deny a criminal defendant's motion for a new trial rests with a district court's sound discretion. *See United States v. Rafferty*, 296 Fed. App'x

788, 796 (11th Cir. 2008). However, a court may not "'reweigh the evidence or set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" *See Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (quoting *Untied States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985)).

### 3. Analysis

The Defendant argues that the Government violated *Giglio v. United States*, 406 U.S. 150 (1972) and *Brady v. Maryland*, 373 U.S. 83 (1963) because the Government knew that all of the cooperating witnesses that the Government presented at trial lied in order to get sentence reductions, and the Defendant was not in possession of the DEA reports that showed that the witnesses were lying. (Mot. at 3-8.) "In order to succeed on a *Giglio* challenge, the defendant must demonstrate that the prosecutor 'knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material.'" *United States v. Vallejo*, 297 F.3d 1154, 1163-64 (11th Cir. 2002) (quoting *United States v. Dickerson*, 248 F.3d 1036, 1041 (11th Cir. 2001)). In order to succeed on a *Brady* challenge, a defendant must show that "(1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different." *Id.* at 1164 (citations omitted).

The Defendant has failed to meet these standards for several reasons. First, there is no evidence that the Government knowingly presented perjured testimony. Second, all of the issues that the Defendant raises relating to the credibility of the cooperating witnesses were presented to the jury to consider, and the jury, by its verdict, rejected those same arguments. Third, the Court finds that the Government did not fail to produce any *Giglio* or *Brady* material. Therefore, the Court finds that the interests of justice do not require a new trial.

### 4. Conclusion

Accordingly, the Court **denies** the Defendant's motion for a new trial (**ECF No. 118**).

**Done and ordered** in chambers, at Miami, Florida, on August 22, 2017

_____
Robert N. Scola, Jr.
United States District Judge