United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Criminal Case No. 17-20130-CR-Scola |
| | ) |
| Juan Carlos Arvizu Hernandez, | ) |
| Defendant. | ) |

### Order Denying Defendant's Motion for a New Trial

This matter is before the Court on the Defendant Juan Carlos Arvizu Hernandez's motion for a new trial (ECF No. 185). The Government opposes the relief sought arguing that the motion is untimely and fails on its merits. (ECF No. 188.) The Court has carefully considered the parties' arguments, the record, and the relevant legal authorities. For the reasons set forth below, the Defendant's motion is **denied**. **(ECF No. 185.)**

### 1. Background

The Defendant was charged with conspiring to distribute cocaine knowing that the cocaine would be unlawfully imported into the United States (Count One), and with manufacturing and distributing cocaine knowing that the cocaine would be unlawfully imported into the United States (Count Two). (Indictment, ECF No. 9.) The Defendant was arrested in, and then extradited from, Honduras for trial in the United States. The Defendant proceeded to trial on Count One, and the Government dismissed Count Two. (Order Dismissing Count Two, ECF No. 103.) Although the Defendant was represented by counsel prior to the trial, the Defendant decided to represent himself at the trial.

The evidence at trial consisted of the testimony of five cooperating witnesses who were the Defendant's co-conspirators, a video recording of a meeting that included the Defendant and one of the co-conspirators who testified at trial, the testimony of an interpreter who created a translation and transcript of the recorded meeting, an expert witness for the Government, a Drug Enforcement Administration ("DEA") agent, and a DEA analyst. On July 14, 2017, a jury found the Defendant guilty of conspiring to distribute five kilograms or more of cocaine, knowing that the cocaine would be unlawfully imported into the United States.

On August 15, 2017, the Defendant filed his first motion for a new trial. The Defendant argued that the Government violated *Giglio v. United States*, 406 U.S. 150 (1972) and *Brady v. Maryland*, 373 U.S. 83 (1963) because the Government knew that all of the cooperating witnesses that the Government presented at trial lied in order to get sentence reductions, and the Defendant was not in possession of the DEA reports that showed that the witnesses were lying. (ECF No. 118 at 3-8.) The Defendant relied exclusively on his own sworn declaration as evidence that the Government had presented testimony it knew was false. (*Id.* at 6.) This Court denied the motion because there was no evidence that the Government knowingly presented perjured testimony or withheld evidence. (ECF No. 120 at 2.) The Court explained that all of the issues raised by the Defendant had been presented to the jury and the jury, through its verdict, rejected his arguments. (*Id.*)

Afterwards, the Defendant appealed his sentence arguing that his sentence violated the extradition treaty under which he had been extradited from Honduras to the United States. The Defendant did not raise any arguments related to his motion for a new trial or other issues with his conviction. The Eleventh Circuit affirmed the Defendant's sentence. (ECF No. 171.)

The Defendant now moves, for the second time, for a new trial. (ECF No. 185.) Just as he argued in his earlier motion, the Defendant contends that a new trial is warranted because the Government presented testimony from cooperating witnesses that it knew to be false.

**2. Legal Standard**

Pursuant to Federal Rule of Criminal Procedure 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." The decision to grant or deny a criminal defendant's motion for a new trial rests with a district court's sound discretion. *See United States v. Rafferty*, 296 Fed. App'x 788, 796 (11th Cir. 2008). Rule 33 requires that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Civ. P. 33(b)(1). Additionally, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Civ. P. 33(b)(2).

Whether to grant an evidentiary hearing on a motion for new trial is a matter entrusted to the district court's discretion. *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996). "When the resolution of a motion for a new trial is clear, the district court is not required to hold an evidentiary

hearing." *United States v. Elso*, 364 F. App'x 595, 599 (11th Cir. 2010). Because the Defendant's motion is untimely and raises arguments already denied by this Court, the motion can be denied without an evidentiary hearing. *United States v. Dwyer*, No. 10-20186-CR, 2014 WL 12689321, at *3 (S.D. Fla. Oct. 21, 2014) (Torres, MJ.), *report and recommendation adopted*, No. 10-20186-CR, 2015 WL 10990182 (S.D. Fla. Mar. 23, 2015) (King, J.), *aff'd*, 625 F. App'x 524 (11th Cir. 2015).

### 3. Analysis

As a preliminary matter, the motion is denied because it is untimely. On July 14, 2017, the jury entered a verdict finding the Defendant guilty of the charged offenses. Thus, the Defendant had until July 14, 2020, to file a motion for new trial based on newly discovered evidence and until July 28, 2017 to file a motion for new trial grounded in other grounds. The motion does not aver that the Defendant has discovered any new evidence.[1] On the contrary, the motion raises the same exact arguments and relies on the same facts raised (and thus available) in the 2017 motion for new trial. The motion is also untimely under Rule 33(b)(2) because it was filed after July 28, 2017.

Moreover, even if the motion were timely, the motion is denied on its merits. The Defendant argues that the Government knew that all of the cooperating witnesses lied at trial and that the Government withheld exculpatory evidence relating to those witnesses' testimony. (ECF No. 185 at 2.) "In order to succeed on a *Giglio* challenge, the defendant must demonstrate that the prosecutor 'knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony, and that the falsehood was material.'" *United States v. Vallejo*, 297 F.3d 1154, 1163-64 (11th Cir. 2002) (quoting *United States v. Dickerson*, 248 F.3d 1036, 1041 (11th Cir. 2001)). In order to obtain a new trial based on a *Brady* violation, a defendant must show that "(1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different." *Id.* at 1164 (citations omitted).

---

[1] The Court notes that the motion is dated July 16, 2020 and was inexplicably filed on May 21, 2021. Although the Government indicated it would investigate the discrepancy, the issue is not necessary to resolve this motion because the motion is not based on new evidence and was filed over 14 days from the issuance of the jury verdict.

The Defendant has failed to meet his burden for several reasons. There is no evidence that the Government knowingly presented perjured testimony. The motion does not cite to *any* evidence (outside of the Defendant's own beliefs) that the Government knew it was presenting false testimony. Additionally, the Defendant's *Brady* claim fails because it does not identify what evidence, if any, was withheld. Indeed, the motion vaguely states that the Government failed to disclose exculpatory evidence related to cooperating witnesses, without identifying what that evidence entails making it impossible to complete the analysis. (ECF No. 185 at 2.) The Defendant concedes that he does not have the necessary facts to bring these claims, and instead seeks discovery to learn those facts. (*Id.*) For these reasons, the Court finds that the interests of justice do not require a new trial and the motion is denied.

### 4. Conclusion

Accordingly, the Court **denies** the Defendant's motion for a new trial (**ECF No. 185**).

**Done and ordered** in chambers, at Miami, Florida, on June 3, 2021.

_____
Robert N. Scola, Jr.
United States District Judge