United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 17-20130-CR-Scola ) |
| Juan Carlos Arvizu Hernandez, Defendant. | ) ) ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Juan Carlos Arvizu Hernandez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 193.) The Government has responded opposing Arvizu Hernandez's motion. (Resp., ECF No. 195.) Arvizu Hernandez has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** Arvizu Hernandez's motion for reduction of sentence. (**Mot., ECF No. 193**.)

1. **Background**

On February 21, 2017, a federal grand jury indicted Arvizu Hernandez and with conspiracy to distribute and with intentionally manufacturing and distributing five kilograms or more of cocaine with knowledge that it would be imported into the United States. (ECF No. 9.) On July 14, 2017, a jury found Arvizu Hernandez guilty of Count One of the indictment—specifically, of conspiracy to distribute cocaine knowing that it would be unlawfully imported into the United States, in violation of 21 U.S.C. § 963 and § 960(b)(1)(B)(ii). (ECF No. 99.)

Ahead of sentencing, the United States Probation Office issued a draft Presentence Investigation Report ("PSI"). After considering the parties' respective objections to the PSI and related arguments, the Court determined that Arvizu Hernandez had a total offense level of 43, with a criminal history category of I, and an advisory guideline range of life in prison. (*See* Senten. Tr. 32:10-12, ECF No. 147.) Significantly, over Arvizu Hernandez's objection, the Court found that he was subject to a four-level enhancement for his leadership role within the conspiracy. (*Id.* at 24:9-10.)

On September 29, 2017, the Court imposed a below-guideline sentence of 360 months in prison, followed by five years of supervised release. (J. 2-3, ECF No. 146.) As of the filing of his motion, Arvizu Hernandez had an anticipated

release date of October 9, 2040. *See Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Jan. 11, 2024).

Since Arvizu Hernandez was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Arvizu Hernandez now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 360 months in prison and five years of supervised release.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February

1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Arvizu Hernandez invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.* § 4C1.1(a).

Here, Arvizu Hernandez plainly fails to meet requirement number ten—*i.e.*, that he "did not receive an adjustment under §3B1.1 (Aggravating Role)[.]" *See id.* § 4C1.1(a)(10). As noted, Arvizu Hernandez was the leader of a large-scale narcotics transportation organization and, based on this, the Court found that he qualified for an adjustment under § 3B1.1(b) for his aggravating role. (Senten. Tr. 9:22-10:3; 22:14-18; 24:1-14, ECF No. 147.) Thus, because Arvizu Hernandez plainly does not satisfy all the requisite criteria for a two-level reduction in his offense level, his motion must be denied.

Finally, because Arvizu Hernandez does not qualify for a reduction pursuant to Amendment 821, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Arvizu Hernandez's motion for reduction of sentence is **denied**. (**Mot., ECF No. 193**.)

**Done and ordered** at Miami, Florida on January 11, 2024.

Robert N. Scola, Jr.
United States District Judge