United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) |
| | ) |
| v. | ) Criminal Case No. 17-20130-CR-Scola |
| | ) |
| Juan Carlos Arvizu Hernandez, | ) |
| Defendant. | ) |

### Order Denying Defendant's Motion for Sentence Reduction

This matter is before the Court on the Defendant Juan Carlos Arvizu Hernandez's motion for reduction of sentence (Mot., ECF No. 200) and supplements to the motion. (ECF Nos. 202, 212.) The Government responded in opposition (Resp., ECF No. 205), and the Defendant filed a reply. (ECF No. 211.) Additionally, Arvizu Hernandez has supplemented his motion with medical records (ECF No. 212), which the Court has considered in its determination of his request for compassionate release. Having carefully considered the parties' briefings, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion. **(ECF No. 200.)**

### 1. Background

The Defendant was charged with conspiring to distribute cocaine knowing that the cocaine would be unlawfully imported into the United States (count one), and with manufacturing and distributing cocaine knowing that the cocaine would be unlawfully imported into the United States (count two). (ECF No. 9.) The Defendant was arrested in, and extradited from, Honduras for trial in the United States. The Defendant proceeded to trial on count one, and the Government dismissed count two. (ECF No. 103.) Although the Defendant was represented by counsel prior to the trial, the Defendant decided to represent himself at the trial. On July 14, 2017, a jury found the Defendant guilty. (ECF No. 99.)

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). If a defendant has fully exhausted A district court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S.S.G. § 1B1.13(a). As detailed in the applicable policy statement, extraordinary and compelling reasons may exist where a defendant has a serious health condition, is elderly, has a family member that depends upon the defendant for care, is a victim of abuse while incarcerated, or in other circumstances of similar gravity to those enumerated. *Id.*

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As a preliminary matter, the Government does not contest that Arvizu Hernandez has exhausted his administrative remedies, so the Court will assume that he has exhausted his administrative remedies. (*See* ECF No. 205.) Arvizu Hernandez advances two arguments that extraordinary and compelling reasons warrant a reduction of his sentence. (Mot., ECF No. 200.) First, he asserts that his own medical conditions warrant a reduction in sentence. (*Id.* at 8-10.) And second, he argues that he needs to provide care for his incapacitated father in Honduras. (*Id.* at 4-5.)

About his own medical condition, Arvizu Hernandez asserts that the COVID-19 pandemic has made the conditions of incarceration harsher. He suffers headaches and other unidentified "lingering health issues." (*Id.* at 9-10.) The Defendant fails to establish any ongoing medical condition substantial enough to warrant early release from his 30-year sentence. About his father's medical

condition, the Defendant has failed to explain why the Defendant's two siblings, who live in Honduras, cannot care for the Defendant's ill father. (*See id.* at 4-5.) However, despite the foregoing, for the purposes of this order, the Court will accept that the Defendant has established extraordinary and compelling circumstances for compassionate relief.

In consideration of the § 3553(a) factors, however, the Court denies Arvizu Hernandez's motion for reduction of sentence. The Defendant served as the leader of a large-scale narcotics transport operation in Honduras. (ECF No. 122, 139.) The Defendant and his workers received narcotics from Colombia, Venezuela and Brazil, and then transported the drugs north to later be imported into the United States. (*Id.*) Conservative estimates indicate that the Defendant helped traffic over 5,000 kilograms of cocaine. (*Id.*)

The Sentencing Guidelines supported a sentence of life in prison, but the Court significantly varied below the Guideline range by sentencing him to 30 years in prison. To release him after having served only nine years would not promote respect for the law, provide proper punishment, or deter the Defendant and others. Additionally, the Defendant still has not accepted responsibility or shown remorse for his actions. To release him back to Honduras where he led the prior operation would pose a danger to the community.

### 4. Conclusion

Based on the foregoing, the Court **denies** the Defendant's motion for sentence reduction. (**ECF No. 200**).

**Done and ordered** at Miami, Florida on February 26, 2025.

_____
Robert N. Scola, Jr.
United States District Judge